IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT ANTHONY KILLIAN and FABIOLA KILLIAN,<br><br>    Plaintiffs,<br><br>    vs.<br><br><br><br>PACIFIC EDUCATIONAL SERVICES COMPANY, a Nevada corporation, dba Hawaii College of Pharmacy, DAVID CHAMPION MONROE, fka David Yacas, DENISE A. CRISWELL, aka Deedee Criswell, aka DeDe Criswell, aka Denise Criswell Nakajima,<br><br>    Defendants.<br>_____ | CIVIL NO. 05-00468 JMS-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ORDER AWARDING ATTORNEYS' FEES AND COSTS AND TO GRANT MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANTS |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION
FOR ORDER AWARDING ATTORNEYS' FEES AND COSTS AND TO
GRANT MOTION FOR ENTRY OF FINAL JUDGMENT
<u>AGAINST DEFENDANTS</u>

On May 10, 2007, Plaintiffs Robert Anthony

Killian and Fabiola Killian ("Plaintiffs") filed a

Motion for Order Awarding Attorney's Fees and Costs and

Motion for Entry of Final Judgment Against Pacific

Educational Services Company, David Champion Monroe and
Denise A. Criswell and for Order Dismissing All Other
Pending Claims Against Defendants ("Motion").
Defendants did not file any opposition to the Motion.
Pursuant to Local Rule 53.1 of the Local Rules of the
United States District Court for the District of Hawaii
("Local Rules"), this Motion was designated to this
Court by United States District Judge J. Michael
Seabright on May 14, 2007.

Pursuant to Local Rule 7.2(d), the Court finds
this matter suitable for disposition without a hearing.
After careful consideration of the Motion and the
record herein, the Court FINDS and RECOMMENDS that
Plaintiffs' Motion be GRANTED, that all pending claims
against Defendants be dismissed, that judgment entered
against Defendants, and that Plaintiffs be awarded
attorneys' fees in the amount of $17,003.87 and costs
in the amount of $431.00 for a total award of
$17,434.87.

Background

On May 3, 2007, Judge Seabright issued an Order Granting Plaintiffs' Renewed Motion for Partial Summary Judgment ("May 3, 2007 Order").  In the May 3, 2007 Order, Judge Seabright granted Plaintiffs' request for attorneys' fees and instructed Plaintiffs to file a motion for attorneys' fees under Local Rule 54.3. See May 3, 2007 Order at 19-20.

Plaintiffs filed their Motion on May 10, 2007. In Plaintiffs' Motion, Plaintiffs request that the Court dismiss all pending claims by Plaintiffs against Defendants pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("Rules"), enter a final judgment against Defendants, and award Plaintiffs attorneys' fees in the amount of $18,893.19 and costs in the amount of $431.00 for a total award of $19,324.19.

<u>Analysis</u>

I.  <u>Entry of Final Judgment</u>

Plaintiffs request that the Court dismiss all pending claims, including the claims of negligence and fraud, and enter final judgment against Defendants.

Rule 41(a)(2) provides that the Court may enter an order voluntarily dismissing an action. Fed. R. Civ. P. 41(a)(2). The Ninth Circuit has stated that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal." <u>Smith v. Lenches</u>, 263 F.3d 972, 975 (9th Cir. 2001)(citing <u>Waller v. Fin. Corp. of Am.</u>, 828 F.2d 579, 583 (9th Cir. 1987); <u>Hamilton v. Firestone Tire & Rubber Co.</u>, 679 F.2d 143, 145-46 (9th Cir. 1982)).

Defendants did not file any opposition to Plaintiffs' Motion. Consequently, Defendants have failed to show that they will suffer any prejudice as a result of the dismissal of this action. Accordingly,

the Court FINDS and RECOMMENDS that all pending claims
in this action be dismissed with prejudice.

Pursuant to Rule 54(b),[1] the Court may direct
the entry of final judgment.  Since there are no
remaining pending claims, the Court FINDS and
RECOMMENDS that final judgment be entered in this case.
Pursuant to Rule 58(a)(1), the Court will issue a
separate Order entering final judgment.

II. <u>Attorneys' Fees and Costs</u>

In the May 3, 2007 Order, Judge Seabright ruled
that Plaintiffs are entitled to attorneys' fees and
costs pursuant to Hawaii Revised Statute ("H.R.S.") §

---

[1] Rule 54(b) provides: "[w]hen more than one claim
for relief is presented in an action, whether as a
claim, counterclaim, cross-claim, or third-party claim,
or when multiple parties are involved, the court may
direct the entry of a final judgment as to one or more
but fewer than all of the claims or parties only upon
an express determination that there is no just reason
for delay and upon an express direction for the entry
of judgment.  In the absence of such determination and
direction, any order or other form of decision, however
designated, which adjudicates fewer than all the claims
or the rights and liabilities of fewer than all the
parties shall not terminate the action as to any of the
claims or parties, and the order or other form of
decision is subject to revision at any time before the
entry of judgment adjudicating all the claims and the
rights and liabilities of all the parties."

480-13(a)(1).  <u>See</u> May 3, 2007 Order at 19-20.

Therefore, the Court must only determine whether

Plaintiffs' request for attorneys' fees and costs is

reasonable and meets the requirements set forth in

Local Rule 54.3.

A determination of reasonable attorneys' fees

typically begins with the traditional "lodestar"

calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S.

424, 433 (1983).  The Supreme Court instructs that the

most useful starting point to determine a reasonable

fee is "the number of hours reasonably expended

multiplied by a reasonable hourly rate."  <u>Id.</u>

"After making this computation, the district

court then assesses whether it is necessary to adjust

the presumptively reasonable lodestar figure on the

basis of the Kerr factors[2] that are not already subsumed

---

[2] The Kerr factors are (1) the time and labor
required; (2) the novelty and difficulty of the
questions involved; (3) the skill requisite to perform
the legal service properly; (4) the preclusion of other
employment by the attorney due to acceptance of the
case; (5) the customary fee; (6) whether the fee is
fixed or contingent; (7) time limitations imposed by
the client or the circumstances; (8) the amount
involved and the results obtained; (9) the experience,

6

in the initial lodestar calculation."[3] <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 363-64 (9th Cir. 1996)(citations omitted).  There is a strong presumption that the lodestar represents a reasonable fee and it should only be adjusted in rare instances. <u>Id.</u> (citation omitted).

A.  <u>Reasonable Hourly Rate</u>

A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984).  In determining a reasonable hourly rate, the district court must consider "'the experience, skill, and reputation of the attorney requesting fees.'" <u>D'Emanuele v. Montgomery Ward & Co., Inc.</u>, 904

_____

reputation, and ability of the attorneys; (10) the "undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  <u>Kerr v. Screen Guild Extras, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975); <u>cert. denied</u>, 425 U.S. 951 (1976).

[3]  The subsumed factors are: "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation...(4) the results obtained," <u>Cabrales v. County of Los Angeles</u>, 864 F.2d 1454, 1464 (9th Cir. 1988).

F.2d 1379, 1384 (9th Cir. 1990) (quoting <u>Chalmers v.</u>
<u>City of Los Angeles</u>, 796 F.2d 1205, 1210 (9th
Cir.1986), <u>amended</u>, 808 F.2d 1373 (9th Cir. 1987)).  In
light of these factors, the rate should reflect "the
prevailing market rate in the community."  <u>Id.</u>
Further, the fee applicant "has the burden of producing
satisfactory evidence, in addition to the affidavits of
its counsel," to show that the rates are reflective of
reasonable prevailing rates for similar services.
<u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th
Cir. 1987).  If the requested rates are in line with
those prevailing in the community for similar services
of lawyers of reasonably comparable skill and
reputation, it is deemed to be reasonable.

Plaintiffs seek the following hourly rates:
$200/hour for Attorney Michael F. O'Connor and $90/hour
for Paralegal Joy Awai.  The Court finds these rates to
be reasonable and comparable to the prevailing rates in
the community.

B.   <u>Hours Reasonably Expended</u>

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees must demonstrate that the fees and costs taxed are reasonably necessary to achieve the results obtained.   See <u>Tirona v. State Farm Mut. Auto Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993).   The court must guard against awarding fees and costs which are excessive, and must assess the extent to which fees and costs are self-imposed and could have been avoided.   See <u>id.</u> at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987), <u>cert. denied</u>, 484 U.S. 927 (1987)).

The court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."   <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992)(citation omitted); <u>see also</u> <u>Gates</u>, 987 F.2d at 1399.   Time expended on work deemed "excessive" shall not be compensated.   See <u>id.</u>

In determining a reasonable number of hours, the court may, in its discretion, exclude hours that

9

are excessive or duplicative.  See Hensley, 461 U.S. at
434.  A reduction in hours is appropriate where
counsel's billing records indicate substantial
duplication of effort or inefficiency.  See id.
("Counsel . . . should make a good-faith effort to
exclude from a fee request hours that are excessive,
redundant, or otherwise unnecessary."); see also
Schwarz v. Sec'y of Human Services, 73 F.3d 895, 909
(9th Cir. 1995) (affirming district court's reduction
of fees due to excessive hours claimed by counsel).

In addition, a court may reduce the number of
hours where counsel has provided inadequate
documentation. Doe v. Keala, 361 F. Supp. 2d 1171, 1184
(D. Haw. 2005)(citations omitted).  "Counsel should, at
the very least, 'identify the general subject matter of
his time expenditures.'" Id. (quoting Hensley, 461 U.S.
at 437 n. 12)).

Finally, the party seeking the fee bears the
burden of submitting evidence to support the hours
worked, while the party "opposing the fee application
has a burden of rebuttal that requires submission of

10

evidence to the district court challenging the accuracy and the reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." <u>Gates</u>, 987 F.2d at 1397-98 (citing <u>Blum</u>, 465 U.S. at 892 n.5); <u>see also Hensley</u>, 461 U.S. at 433.

After a review of the Affidavit of Michael F. O'Connor and the time entries submitted by counsel, the Court finds that the entries fail to comply with Local Rule 54.3(d)(1) insofar as the work performed is not clearly organized by litigation phase. For example, while the handwritten letters next to the time entries may correspond to the litigation phases described in Local Rule 54.3(d)(1), counsel has failed to provide any key or explanation of the significance of these handwritten letters. Consequently, the Court has not been provided with sufficient detail to adequately determine the reasonableness of the amount of hours spent on each litigation phase. In addition, Plaintiffs request $850.19 for a "State Tax," but fail to provide the Court with any information regarding

what this tax is for or how they calculated this tax.[4]
Accordingly, the Court finds that Plaintiffs' award for
attorneys' fees should be reduced by ten (10) percent
for a total award of $17,003.87.

      C. <u>Costs</u>

Plaintiffs request $431.00 in costs comprised
of the filing fee ($277.00) and the service and mileage
fee of Deputy Sheriff Anthony T. Shannon ($154.00).
The Court construes Plaintiffs' request for costs as a
request pursuant to Rule 54(d)(1) and Local Rule 54.2.
The Court finds that these costs are allowable under
Local Rule 54.2 and 28 U.S.C. § 1920.  The Court finds
that Plaintiffs have provided sufficient documentation
of these costs.  Consequently, the Court FINDS and
RECOMMENDS that Defendant be awarded $431.00 in costs.

<u>CONCLUSION</u>

After careful consideration of the Motion and
the record herein, the Court FINDS and RECOMMENDS that
all pending claims be dismissed, that final judgment

---

[4] The Court will construe this tax as the State
General Excise Tax.

12

against Defendants be entered, and that Plaintiffs be awarded attorneys' fees in the amount of $17,003.87 and costs in the amount of $431.00 for a total award of $17,434.87.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, May 30, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 05-00468 JMS-KSC. ROBERT ANTHONY KILLIAN, et al. v. PACIFIC EDUCATIONAL SERVICES CO., et al.; FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR ORDER AWARDING ATTORNEYS' FEES AND COSTS AND TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANTS